UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------ x

ALVAREZ QUIZAR ROMUALDO and BORIS ASARAEL HERNANDEZ LOPEZ, individually and on behalf of others similarly situated,

Plaintiffs,

-against-

GURU KRUPA 104 CORPORATION (D/B/A 104 DELI), M&Z CORPORATION (D/B/A FAMILY GROCERY & DELI), JATIN PATEL, NAJMA MOHAMED RAZA (A.K.A MOHAMED), ABBASALI RAZA, and HABIB H. ALI,

Defendants.

------------------------------------------------------------------------------ x

Case No.: 19-cv-05188 (WFK)(SJB)

**ANSWER TO COMPLAINT WITH CROSS-CLAIMS**
(Jury trial demanded)

Defendants, GURU KRUPA 104 CORPORATION (d/b/a 104 DELI), and JATIN PATEL, by their attorney, IRA LEVINE, ESQ., answering the Complaint:

### RESPONDING TO "NATURE OF ACTION"

1. Deny the allegations contained in paragraphs 1-12 of the Complaint.

### RESPONDING TO "JURISDICTION AND VENUE"

2. Deny knowledge or information sufficient to form a belief with respect to the allegations contained in paragraphs 13 and 14 of the Complaint.

### RESPONDING TO "PARTIES"

3. Deny knowledge or information sufficient to for a belief with respect to the allegations contained in paragraphs 15, 17, 21 of the Complaint.

4. Deny the allegations contained in paragraphs 16, 18-20, 22-25 of the Complaint.

### RESPONDING TO "FACTUAL ALLEGATIONS"

5. Deny the allegations contained in paragraphs 26-33, 36-83 of the Complaint.

6. Deny knowledge or information sufficient to for a belief with respect to the allegations contained in paragraphs 34 and 35 of the Complaint.

1

## RESPONDING TO "FLSA COLLECTIVE ACTION CLAIMS"

7. Deny the allegations contained in paragraphs 84-86 of the Complaint.

## RESPONDING TO "FIRST CAUSE OF ACTION"

8. Defendants repeat and reallege each and every allegation contained above in paragraphs "1" through "7" of this answer with the same force an effect as if hereinafter set forth at length.

9. Deny the allegations contained in paragraphs 88-93 of the Complaint.

## RESPONDING TO "SECOND CAUSE OF ACTION"

10. Defendants repeat and reallege each and every allegation contained above in paragraphs "1" through "9" of this answer with the same force an effect as if hereinafter set forth at length.

11. Deny the allegations contained in paragraphs 95-97 of the Complaint.

## RESPONDING TO "THIRD CAUSE OF ACTION"

12. Defendants repeat and reallege each and every allegation contained above in paragraphs "1" through "11" of this answer with the same force an effect as if hereinafter set forth at length.

13. Deny the allegations contained in paragraphs 99-102 of the Complaint.

## RESPONDING TO "FOURTH CAUSE OF ACTION"

14. Defendants repeat and reallege each and every allegation contained above in paragraphs "1" through "13" of this answer with the same force an effect as if hereinafter set forth at length.

15. Deny the allegations contained in paragraphs 104-106 of the Complaint.

16. Deny the allegations contained in paragraph 61 of the Complaint.

### RESPONDING TO "FIFTH CAUSE OF ACTION"

17. Defendants repeat and reallege each and every allegation contained above in paragraphs "1" through "16" with the same force an effect as if hereinafter set forth at length.

18. Deny the allegations contained in paragraphs 108-110 of the Complaint.

### RESPONDING TO "SIXTH CAUSE OF ACTION"

19. Defendants repeat and reallege each and every allegation contained above in paragraphs "1" through "18" of this answer with the same force an effect as if hereinafter set forth at length.

20. Deny the allegations contained in paragraphs 112-113 of the Complaint.

### RESPONDING TO "SEVENTH CAUSE OF ACTION"

21. Defendants repeat and reallege each and every allegation contained above in paragraphs "1" through "20" of this answer with the same force an effect as if hereinafter set forth at length.

22. Deny the allegations contained in paragraphs 115-116 of the Complaint.

### RESPONDING TO "EIGHTH CAUSE OF ACTION"

23. Defendants repeat and reallege each and every allegation contained above in paragraphs "1" through "22" of this answer with the same force an effect as if hereinafter set forth at length.

24. Deny the allegations contained in paragraphs 118-119 of the Complaint.

### AS TO ALL AFFIRMATIVE DEFENSES

25. At all times, Defendants acted properly. Since Defendants have not yet availed themselves of their right to discovery, it may not fully know the circumstances of the alleged incidents described in the complaint. Defendants hereby notify Plaintiffs that until Defendants have availed themselves of their right to discovery, they cannot determine whether or not each of

the below-stated Affirmative Defenses will, in fact, be asserted at trial. Such defenses, however, are raised as of right and to avoid the waiver of any such defenses. Defendants reserve the right, upon completion of their investigation and discovery, to assert such additional defenses as they deem appropriate.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

26. Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

27. This action is barred by the doctrines of waiver and estoppel.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

28. Plaintiffs cannot recover liquidated damages under FLSA because Defendants acted in good faith and believed that their conduct did not violate the FLSA.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

29. The acts and omissions of the defendants, if any, were made in good faith and based upon reasonable grounds that such acts or omissions did not violate and were in conformity with all applicable statutes, regulations, orders, rulings, approvals or interpretations of same as promulgated by The United States Department of Labor, The New York State Department of Labor, and all other applicable departments and agencies having jurisdiction therefor.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

30. The Complaint is barred, in whole or in part, by the doctrine of payment.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

31. The Complaint is barred, in whole or in part, by virtue of the doctrine of release.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

32. Defendants are entitled to a set-off with respect to the monies paid for any hours that Plaintiffs was not actually working.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

33. The causes of action herein have been waived and/or barred by reason of Plaintiffs' failure to give proper and timely notice to Defendants of his claims.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

34. The Complaint is barred, in whole or in part, by virtue of the doctrine of collateral estoppel.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

35. If Defendants are found to have failed to pay the appropriate compensation, any such violations are *de minimis*.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

36. This Court does not have, should decline to exercise, supplemental jurisdiction over some or all of the state law claims asserted by Plaintiffs.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

37. Plaintiffs' claims are barred because some or all of the Defendants were not Plaintiffs' "employer" as such term may be defined under applicable federal or state laws.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

38. Liquidated damages are not fully available for both FLSA claims and NY Labor Law claims.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

39. Plaintiffs cannot prevail in the absence of any documentary evidence to corroborate

allegations of overtime or the other allegations herein.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

40. Plaintiffs' claims are barred by laches.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

41. The claims are barred by the laches of Plaintiffs.

### AS AND FOR A FIRST CROSS-CLAIM AGAINST M&Z CORPORATION (D/B/A FAMILY GROCERY & DELI), JATIN PATEL, NAJMA MOHAMED RAZA (A.K.A MOHAMED), ABBASALI RAZA, and HABIB H. ALI

42. Defendant GURU KRUPA 104 CORPORATION ("Guru Krupa") purchased the assets of a certain business located at 104-10 Atlantic Avenue from 104-10 Atlantic Avenue Corp. in an arms-length transaction for the agreed upon price of $50,000.

43. Defendant Guru Krupa did not purchase the liabilities of 104-10 Atlantic Avenue Corp., including, without limitation, the alleged wage claims of its employees, including the Plaintiffs' claims.

44. In this complaint, Plaintiffs allege that these answering defendants are liable to Plaintiffs for the wage and other claims which antedated Guru Krupa's purchase of assets from 104-10 Atlantic Avenue Corp. as a successor-in-interest or as an alter-ego.

45. Although these answering defendants deny that they are liable to Plaintiffs under a theory of successor liability, nonetheless, if the Court determines that these answering defendants are liable to Plaintiffs for any and all claims that antedated Guru Krupa's acquisition of the assets from 104-10 Atlantic Avenue Corp., then the co-defendants are liable to these answering defendants in the event judgment is recovered by Plaintiffs in the amount of the judgment or in an amount equal to the excess over and above these answering defendants' equitable share of the judgment.

46. The equitable portion of any judgment recovered by Plaintiffs is to be determined in accordance with the relative culpability of these answering defendants and the co-defendants.

**AS AND FOR A SECOND CROSS-CLAIM AGAINST
M&Z CORPORATION (D/B/A FAMILY GROCERY & DELI), JATIN PATEL, NAJMA MOHAMED RAZA (A.K.A MOHAMED), ABBASALI RAZA, and HABIB H. ALI**

47. These answering defendants repeat and reallege each and every allegation contained above in paragraphs "42" through "46" of this answer with the same force an effect as if hereinafter set forth at length.

48. On the basis of the foregoing, if any verdict of judgment is rendered in favor of Plaintiffs against this these answering defendants by virtue of the allegations contained in the Complaint which antedated Guru Krupa's acquisition of the assets from 104-10 Atlantic Avenue Corp., these answering defendants shall be damaged thereby and shall be entitled to complete contractual and common-law indemnification from the co-defendants for any verdict or judgment which may be rendered against it in this action.

49. As a result of the foregoing, if any verdict or judgment is rendered in favor of the Plaintiffs against these answering defendants by reason of the allegations contained in the pleadings, then these answering defendants shall be damaged thereby and shall be entitled to contribution or indemnification based upon an apportionment of fault and responsibility for the occurrence from the co-defendants for all or a part of any verdict or judgment which may be rendered against it in this action.

WHEREFORE, Defendants GURU KRUPA 104 CORPORATION (d/b/a 104 DELI), and JATIN PATEL, demand judgment:

    a. Dismissing the Complaint against Defendants;

    b. Alternatively, on its cross-claims, granting them judgment over and against, and

indemnity, from co-defendants M&Z CORPORATION (D/B/A FAMILY GROCERY & DELI), JATIN PATEL, NAJMA MOHAMED RAZA (A.K.A MOHAMED), ABBASALI RAZA, and HABIB H. ALI, for loss or damage incurred by these answering defendants if any, in connection with this action,

    c.    Awarding Defendants the costs and disbursements of this action.

Dated: Massapequa, New York
       March 7, 2020

*Ira Levine, Esq.*
IRA LEVINE, ESQ.
543 Broadway
Attorney for Defendant
*Guru Krupa 104 Corporation*
*(d/b/a 104 Deli), & Jatin Patel*
Massapequa, New York 11758
Tel: 516-541-1072
Email: ilevinelaw@optonline.net