```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ALVAREZ QUIZAR ROMUALDO,

                        Plaintiff,                              ORDER TO SHOW CAUSE
                                                                19-CV-5188-DG-SJB
        - against -


M&Z CORPORATION (d/b/a FAMILY
GROCERY & DELI), NAJMA MOHAMED RAZA
(a.k.a. MOHAMED), ABBASALI RAZA and
HABIB H. ALI,

                        Defendants.
----------------------------------------------------------x
```

**BULSARA, United States Magistrate Judge:**

Plaintiff is ordered to show cause why his motion for default judgment should not be denied for failure to properly serve individual defendants Najma Mohamed Raza ("Mohamed") and Habib H. Ali ("Ali"). (*See* Notice of Mot. and Mot. for Default dated Jan. 13, 2021, Dkt. No. 35).

"A court may not properly enter a default judgment unless it has jurisdiction over the person . . . against whom the judgment is sought, which also means that he must have been effectively served with process." *RCC Ventures, LLC v. Brandtone Holdings Ltd.*, No. 17-CV-1585, 2017 WL 3242331, at *2 (S.D.N.Y. July 28, 2017) (quotations omitted) (collecting cases), *reconsideration denied*, 322 F.R.D. 442 (Aug. 23, 2017). "A default judgment obtained by way of defective service is void *ab initio* and must be set aside as a matter of law." *Aspex Eyewear, Inc. v. Cheuk Ho Optical Int'l Ltd.*, No. 00-CV-2389, 2005 WL 3501900, at *1 (S.D.N.Y. Dec. 21, 2005) (quotations omitted); *see Augustin v. Apex Fin. Mgmt.*, No. 14-CV-182, 2015 WL 5657368, at *2 (E.D.N.Y. July 27, 2015) ("Establishing proper service is . . . integral to determining

1

whether the Court has personal jurisdiction over the defaulting defendant. A default judgment is void if it is rendered by a court that lacks jurisdiction over the parties.") (quotations and citations omitted), *report and recommendation adopted in relevant part*, 2015 WL 7430008, at *3 (Nov. 23, 2015). On a motion for default judgment, a plaintiff bears the burden of proving service was proper. *RCC Ventures*, 2017 WL 3242331, at *2.

Under New York law, as incorporated by the Federal Rules of Civil Procedure, an individual may be served by: "delivering the summons within the state to a person of suitable age and discretion at the actual place of business, . . . and by . . . mailing the summons to the person to be served . . . at his or her actual place of business . . . such delivery and mailing to be effected within twenty days of each other; proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such delivery or mailing[.]" N.Y. C.P.L.R. § 308(2). "'[L]eave and mail' service under Section 308(2) is ineffective where a plaintiff does not file proof of service with the clerk within twenty days of the date on which the process server mailed the summons and complaint[.]" *Pope v. Rice*, No. 04-CV-4171, 2005 WL 613085, at *14 (S.D.N.Y. Mar. 14, 2005). In this instance, Plaintiff filed the proof of service on Mohamed and Ali with this Court on December 20, 2019. (Summons Returned Executed dated Nov. 22, 2019, Dkt. No. 8; Summons Returned Executed dated Nov. 22, 2019, Dkt. No. 11). That was 29 days after the service of the summons and Complaint on them at their place of business on November 21, 2019. Plaintiff, therefore, did not file the proof of service within 20 days of either the service or mailing. As a result, the service upon Mohamed and Ali was deficient. *E.g.*, *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654, 660 (S.D.N.Y. 1997) ("Proofs of service were not filed until

2

. . . approximately four months after the deadline. Thus, Howard has failed to effect proper service on Madonna."), *aff'd*, 173 F.3d 844 (2d Cir. 1999); *see also Miss Jones, LLC v. Viera*, No. 18-CV-1398, 2019 WL 926670, at *3 (E.D.N.Y. Feb. 5, 2019), *report and recommendation adopted*, 2019 WL 955279, at *2 (Feb. 26, 2019). Plaintiff must explain why the motion should not be denied in light of this inadequate service. *E.g., S. Bay Sailing Ctr., Inc. v. Standard Fire Ins. Co.*, No. 15-CV-6183, 2017 WL 913625, at *8 (E.D.N.Y. Jan. 17, 2017) (recommending denial of default judgment motion due to improper service), *report and recommendation adopted*, 2017 WL 912042, at *1 (Mar. 7, 2017).

Plaintiff shall also explain why the motion should not be denied in light of the failure to mail the papers in support of the motion to individual defendants Mohamed and Ali at their last known residential address. *See* Local Rule 55.2(c). Local Rule 55.2 is strictly construed; failure to comply with its requirements is a basis to deny the motion for default judgment. *See United States v. Hamilton*, No. 18-CV-2011, 2019 WL 6830318, at *3 (E.D.N.Y. Nov. 26 2019) (denying motion for default judgment because Plaintiff failed to follow Local Rule 55.2(c)) (collecting cases), *report and recommendation adopted*, 2019 WL 6828276, at *1 (Dec. 13, 2019). Local Rule 55.2(c) requires a motion for default judgment and supporting papers to be "mailed to the party against whom a default judgment is sought at the last known residence of such party (if an individual)[.]" Loc. Civ. R. 55.2(c). As explained, Plaintiff attempted to serve the Complaint on Mohamed and Ali at their workplace, 10727 Atlantic Avenue, Jamaica NY 11418-2263; the motion and supporting papers were mailed to the same address. In other words, the default judgment papers were served not at their last known residential

3

address—but instead at their business address.  That does not comply with Local Rule 55.2.

In light of the foregoing, Plaintiff is ordered to show cause by **July 22, 2022** why the motion for default judgment should not be denied.  In the alternative, Plaintiff may withdraw his present motion and re-serve the Complaint.  Should the Defendants then not appear, a default can be entered, and a default judgment sought.

SO ORDERED.

*/s/ Sanket J. Bulsara*  July 8, 2022
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York